IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CALEB SAOUNERA,

        **Plaintiff,**

v.

NONA CHISM,

        **Defendant.**

Case No. 25-CV-01522-SPM

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter is before the Court for consideration of a Motion to Remand to State Court filed by Plaintiff Caleb Saounera (Doc. 8). Having been fully informed of the issues presented, the Motion to Remand is **DENIED**.

### FACTUAL & PROCEDURAL BACKGROUND

This case concerns a motor vehicle accident that occurred on Highway 111 in Pontoon Beach, Illinois. (*See* Doc. 1, Ex. A). On June 23, 2023, at approximately 6:45 A.M., Plaintiff Caleb Saounera alleges he was driving northbound on Highway 111 in a 2019 Ford Transit. (*Id.*). Plaintiff alleges that, as he approached the intersection of Highway 111 and Highway 162, the traffic light turned red, prompting Plaintiff to slow to a stop. (*See id.*). At this time, Saounera states in his Complaint, Defendant Nona Chism's automobile came into contact with the rear of Plaintiff's vehicle. (*See id.*). Plaintiff brought a claim against Chism for negligence, alleging that Defendant breached her duty to Plaintiff by failing to obey traffic laws as set forth in 625 ILL. COMP. STAT. 5/11, resulting in "severe, permanent and progressive injuries to his left

shoulder, spine, back, neck, and head." (*See id.*, Ex. A, p. 4). Plaintiff originally filed suit in the Circuit Court of Madison County, Illinois, on June 23, 2025, seeking damages in excess of $50,000. *See Saounera v. Chism*, Case No. 2025LA000798 (Ill. Cir. Ct. 2025); (*see* Doc. 1, Ex. A).

Defendant Chism filed a timely Notice of Removal in this Court on July 31, 2025. (*Id.*) In her Answer, which she subsequently filed on August 20, 2025, Defendant denied that she negligently breached her duty to Plaintiff and raised the affirmative defense that Plaintiff's own negligence contributed to Plaintiff's injuries such that any recovery should be reduced or barred accordingly. (*See* Doc. 7). On August 29, 2025, Plaintiff filed the instant Motion to Remand. (Doc. 8). As of the date of the issuance of this Order, Defendant has not filed a response to the Motion to Remand.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapatthah Servs., Inc.*, 545 U.S. 546, 552 (2005). Under 28 U.S.C. § 1332, a federal district court has original subject matter jurisdiction over actions involving complete diversity between the parties and an amount in controversy exceeding $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008). Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Ent. Co.*, 106 F.3d 215, 217 (7th Cir. 1997). Under 28 U.S.C. § 1446(a), a plausible allegation that the amount in controversy exceeds the jurisdictional threshold is sufficient. *See Dart*

*Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." The burden of establishing federal jurisdiction falls on the party seeking removal. *See Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). This burden is met when a defendant supports its position by submitting competent proof to the district court that it has subject matter jurisdiction. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). In the Seventh Circuit, this requires the defendant to offer evidence which proves "to a reasonable probability that jurisdiction exists." *Chase*, 110 F.3d at 427 (*citing Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993). When a plaintiff challenges the amount in controversy after a defendant's removal, the Supreme Court states that "both sides submit proof" and the district court will decide by a preponderance of the evidence whether the amount-in-controversy requirement has been satisfied. *Dart Cherokee*, 574 U.S. at 88; *see also Sabrina Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017). The removal statute is strictly construed, and all doubts about jurisdiction should be resolved in favor of remand. *See Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2012). If at any time before final judgment the district court lacks subject matter jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c).

## ANALYSIS

In his Motion, Plaintiff Saounera requests that this Court remand this action to Madison County Circuit Court on the basis that the amount-in-controversy

requirement is not met. (Doc. 8). This Court notes that Defendant Chism failed to respond to Plaintiff's Motion, even after this Court *sua sponte* extended the deadline for Chism to file her response. (*See* Doc. 16). The Local Rules for the Southern District of Illinois state that adverse parties shall have thirty days after service of a motion to remand to file a response. *See* SDIL-LR 7.1(b)(1)(A). The Local Rules also state that "failure to file a timely response to a non-dispositive motion may be deemed consent.[1] SDIL-LR 7.1(a)(5). Notwithstanding Defendant Chism's lack of a response, however, this Court has an independent obligation to ensure that it has subject matter jurisdiction. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

In his Motion, Plaintiff argues that remand is appropriate here because he has requested $50,000 in damages in his Complaint, which does not meet the jurisdictional requirement of 28 U.S.C. § 1332. (Doc. 8). As noted *supra*, when a plaintiff disputes the amount after a defendant's removal, the burden falls on the defendant to prove by a preponderance of the evidence facts suggesting the threshold is met. *See Dart Cherokee,* 574 U.S. at 89; *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 543 (7th Cir. 2006). Proving the threshold amount can be achieved in several ways, including with supporting calculations from the allegations in the complaint, reference to plaintiff's informal estimates or settlement demands, or

---

[1] The Seventh Circuit has also stated that "failure to respond by the nonmovant as mandated by the local rules results in an admission." *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Further, while in some courts, failure to respond to an argument may be seen as a concession (*see Midwest Generation EME, LLC v. Continuum Chem. Corp.*, 768 F. Supp. 2d 939, 950 (N.D. Ill. 2010)), the Seventh Circuit has made clear that such behavior is "not necessarily a waiver, but . . . a risky tactic." *Law v. Medco Rsch., Inc.*, 113 F.3d 781, 787 (7th Cir. 1997); *see also Hardy v. City Optical Inc.*, 39 F.3d 765, 771 (7th Cir. 1994).

introducing affidavits from experts about the cost of satisfying plaintiff's demands.[2] *See Meridian,* 441 F.3d at 541–42. Nevertheless, the Seventh Circuit has noted that this is "easier said than done when the plaintiff, the master of the complaint, does not want to be in federal court and provides little information about the value of her claims." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). "In such a case, a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.* Once a defendant has established the requisite amount in controversy, the plaintiff can only defeat jurisdiction if it is clear to a legal certainty that the amount does not cross the jurisdictional threshold. *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)); *see also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2007) ("This standard applies to removed cases no less than those filed initially in federal court.") Moreover, the amount-in-controversy requirement does not look to what actual damages will be; the relevant question is what maximum damages *could* be. *See Brill*, 427 F.3d 446.

Here, Defendant Chism's only submission in support of the amount in controversy comes from her Notice of Removal. (*See* Doc. 1). Chism argues that the nature of the claims Plaintiff has brought, which include "severe, permanent and progressive injuries to his left shoulder, spine, back, neck, and head," frequently result in damages that exceed $75,000, exclusive of interest and cost. (*Id.*, p. 3).

---

[2] The Seventh Circuit has additionally noted that courts may rely on other sources in addition to informal estimates, affidavits, and the allegations. *See Schutte v. Ciox Health, LLC*, 28 F.4th 850, 854 (7th Cir. 2022). Another method that a plaintiff may use to satisfy a request for remand is to stipulate that they "will neither demand nor accept any recovery in excess of $75,000 exclusive of costs and interest." *Workman v. United Parcel Service, Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000); *see Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

Chism's Notice of Removal cites *McCoy ex rel. Webb v. General Motors Corp.* in support of her contention that cases of this nature routinely see damages awards in excess of $75,000. (*See id.* (citing 226 F. Supp. 2d 939 (N.D. Ill. 2002)). In *McCoy*, the plaintiff brought a products liability claim against General Motors due to a brake failure resulting in an auto accident. *McCoy*, 226 F. Supp. at 940. The complaint alleged plaintiff suffered "lasting and permanent injuries," along with damages including severe pain, emotional distress, disability, lost value and enjoyment of life, future loss of income, medical expenses, loss of normal life, disfigurement and paralysis. *Id*. The Northern District of Illinois found that it was "obvious from a common-sense reading of the complaint that Plaintiffs were seeking in excess of $75,000 in damages." *Id.* at 941. Chism additionally cites in support of removal that various other district courts throughout the country have ruled similarly on cases alleging permanent and/or progressive injuries. (Doc. 1 (citing *Roberson v. Orkin Exterminating Co., Inc.*, 770 F. Supp. 1324 (N.D. Ind. 1991); *Turner v. Wilson Foods Corp.*, 711 F. Supp. 624 (N.D. Ga. 1989); *Lee v. Altamil Corp.*, 457 F. Supp. 979 (M.D. Fla. 1978)).

     Based on the information available, this Court finds that the face of the complaint alleges damages that could plausibly exceed the threshold minimum of $75,000. In his Complaint, Plaintiff alleges "severe, permanent, and progressive injuries to his left shoulder, spine, back, neck, and head." (Doc. 1, Ex. A). Plaintiff further pleads that he has underwent medical treatment and continues to incur medical expenses to treat his injuries. (*Id.*). Saounera also alleges that he continues to endure "significant pain, suffering, and loss and enjoyment of life for the

foreseeable future." (*Id.*). While it is true that Defendant Chism has not submitted evidence in the form of calculations or affidavits from experts as stipulated in *Meridian,* it is also true that Plaintiff Saounera has not provided detailed information about the value of potential damages. 441 F.3d at 541–42; *see Oshana*, 472 F.3d at 511. Therefore, Defendant's good-faith estimate of the amount based on the allegations in the Complaint is acceptable. Plaintiff pleaded severe injuries in his Complaint and provided no additional detail in his Motion to Remand that would prove with legal certainty that the value of the claim could not exceed $75,000, either by providing additional evidence of the injuries or by disclaiming the possibility of seeking damages more than $75,000. Given the severity of the injuries alleged, it is plausible that the amount in controversy could well exceed $75,000. Considering the dearth of facts on the record, this Court is satisfied that Defendant properly established the requisite amount in controversy by a preponderance of the evidence in her Notice of Removal, and that Plaintiff has not proven to a legal certainty that the amount is below this threshold.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. 8) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:**   November 19, 2025

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
